## THE BAY CITY.

*(District Court, E. D. Michigan.* June 28, 1880.)

**1.** ADMIRALTY—DOCKET FEES.—The docket fee of $20 is taxable whenever a trial at common law is begun by the swearing of a jury, or by the introduction of testimony at the opening of argument upon a final hearing in equity or admiralty, on appeal from the clerk's taxation of costs.

In Admiralty.

This was a suit brought by the owners of the barge Boscobel against the owners of the tug Bay City, to recover for the loss of the barge through the alleged negligence of the tug. On the day assigned for trial the case was called and the master of the barge put upon the stand. Upon the conclusion of

his testimony the court intimated the opinion that he had made no case against the tug, but leave was granted to the libellants to put in further testimony if they saw fit. After the evidence upon both sides had been concluded libellant discontinued his suit. Claimants now insist that they are entitled to a docket fee of $20, as upon a final hearing in admiralty.

*James J. Atkinson*, for libellants.

*Wm. A. Moore*, for claimants.

BROWN, D. J. By Revised Statutes, § 824, there is taxable in favor of the prevailing party, "on a trial before a jury, or on a final hearing in equity or admiralty," a docket fee of $20. A practice has heretofore prevailed in this district of taxing this fee only upon the termination of the suit by a judgment or decree. The precise question does not seem to have arisen in any reported case. Upon reflection, however, I think the fee is taxable, whenever the trial is entered upon by the swearing of a jury in a common-law case, or by the introduction of testimony or the final opening of the argument upon a final hearing in equity or admiralty. The fee is not made by the statute to depend upon a judgment or decree, but is taxable on a trial or final hearing. As the labor for which the docket fee is supposed to be a compensation is performed on or before the trial, equitably the party ought not to lose the benefit of it by a discontinuance entered after the trial or hearing has begun. In New York the practice seems to be to allow it upon a final disposition of the cause, even without a trial or hearing. *Hayford v. Griffith*, 3 Blatch. 79.

The appeal is sustained.