## THE ALERT.*

(*District Court, E. D. New York.* February 10, 1883.)

COSTS—DOCKET FEE—"FINAL HEARING" UNDER REV. ST. § 824.

Where a vessel was in custody of the court under process issued against her, and the case was entered in the admiralty docket, a consent was given that the case be discontinued on payment of the amount claimed and libelant's costs. *Held,* that the granting of a motion for an order discharging the vessel from custody and canceling stipulations, was a final hearing under Rev. St. § 824, and the libelant was entitled to a docket fee of $20.

In Admiralty.

*Goodrich, Deady & Platt,* for libelant.

*L. B. Bunnell,* for claimant.

BENEDICT, J. This was a proceeding *in rem.* The libel was filed, process issued, the vessel taken into custody, and the case entered in the admiralty docket. Subsequently, an order dismissing the case and discharging the vessel from custody on payment of costs, founded upon a consent of the libelant that the cause be discontinued on payment of the amount claimed and the libelant's costs, was applied for and obtained.

The costs are presented for taxation, and the question is raised whether the libelant can tax a docket fee of $20. The fee-bill allows on a final hearing in admiralty a docket fee of $20, where the amount recovered is over $50. Rev. St. § 824. A distinction is drawn by the statute between admiralty causes and cases at law. In the latter case a docket fee of five dollars only is allowed where the case is discontinued. A docket fee of $20 is allowed in all admiralty cases where there is a final hearing. In *Hayford* v. *Griffith,* 3 Blatchf. 79, it was held by the circuit court that a dismissal of a cause upon the calendar, upon a motion before hearing, for an omission to file security for costs, was a final hearing within the meaning of the statute. The ground of this decision would seem to be that granting an order which disposed of the cause was a final hearing.

In accordance with this decision, the practice of this district has been to allow a docket fee in admiralty causes *in rem,* like the present. In this case the court has possession of the vessel. An order of court is necessary to obtain her release and to effect the cancellation of the libelant's stipulations. A discharge of the vessel does not follow of course. It may be that the pendency of other proceedings

*Reported by R. D. & Wyllys Benedict.

against the same vessel will prevent a release of the vessel upon such a motion. Such a motion, when granted, terminates the cause, so far as the vessel is concerned, and the hearing thereon is deemed a final hearing within the principle of the case of *Hayford* v. *Griffith*, above referred to.

The clerk's taxation of a docket fee of $20 is affirmed.

See *Coy* v. *Perkins*, 13 FED. REP. 111, and note; also *Yale Lock Manuf'g Co.* v. *Colvin*, 14 FED. REP. 269.