LOUISVILLE & N. R. Co. *v.* MERCHANTS' COMPRESS & STORAGE Co.

*(Circuit Court, W. D. Tennessee. March 25, 1892.)*

COSTS—DOCKET FEE IN EQUITY—DISMISSAL AFTER REFUSAL OF PRELIMINARY INJUNCTION.

> If, after a decree refusing a preliminary injunction, the plaintiff dismiss the bill, the docket fee of $20 upon final hearing is taxable for the solicitor of the prevailing party.

In Equity.

Statement by HAMMOND, District Judge:

The bill in this case, with some 20 exhibits thereto, was filed December 3, 1891. It was simply an injunction bill to enjoin the defendant company from violating the provisions of a certain contract claimed to exist between the parties for the compressing, storage, and insurance of cotton; the prayer of the bill being stated in various forms to meet the different stipulations of the contract. The usual process of subpœna was issued the same day, requiring the defendant to appear, etc., on the first Monday in January, 1892. On the day the bill was filed the plaintiff moved for a restraining order until motion for preliminary injunction could be heard, which was denied. It then moved for the preliminary injunction, and a decree was entered setting down the motion for hearing and argument on December 5, 1891, before the court, "when and where the defendant is required to be present, and show cause, if any it have or know, why such preliminary injunction should not be granted." Notice of this motion and decree was issued, which, with the subpœna to answer, was served on defendant the following day. The defendant entered its appearance by its solicitors on the day fixed, when the motion for a preliminary injunction was fully and elaborately argued by counsel here and from a distant city, and the matter taken under advisement for further consideration by the court. On December 11, 1891, the record shows that the parties again came before the court "by their respective solicitors, when the cause came on for determination upon a motion of complainant for a preliminary injunction heretofore made herein, and argued at a previous day of the term; and the said motion, upon full consideration, is by the court hereby overruled, and the preliminary injunction denied." Afterwards, on January 19, 1892, after the day for defendant to answer, complainant moved the court for leave to dismiss the cause, "which motion is, for satisfactory reasons to the court appearing, hereby granted, and this cause dismissed." Defendant did not demur to nor answer the bill, nor was a *pro confesso* entered at the January rule day. In taxing the costs against complainant the clerk has included an item of $20 docket fee to defendant's solicitors, and plaintiff moves to retax by striking out this item. The other items of the taxation are conceded to be correct. Section 983 of the United States Revised Statutes prescribes what shall be deemed "costs" in the federal courts as between the parties to a suit. It is as follows:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials, in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included and form a portion of a judgment or decree against the losing party."

Sections 823–857, Id., prescribe the "fees" taxable in favor of attorneys, court officers, jurors, witnesses, printers, etc., how they may be taxed and recovered, by whom and how paid, and the various regulations pertaining to the same in suits in which the United States is a party. The portion of section 824, Id., prescribing the "fees of attorneys, solicitors, and proctors," under which the taxation was here made, is as follows:

"On a trial before a jury in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars. * * * In cases at law, where judgment is rendered without a jury, ten dollars. In cases at law, where the cause is discontinued, five dollars."

*J. P. Houston*, for the motion.
*Metcalf & Walker*, opposed.

HAMMOND, District Judge, (*after stating the facts as above.*) The question involved in this motion was first considered by me in 1883, in *Goodyear* v. *Sawyer*, 17 Fed. Rep. 2, where in six causes in equity the solicitor's docket fee was objected to. Answers were filed in all the cases, and replications in two of them. In one only had there been a decree upon the merits, and an account ordered, but this cause was afterwards dismissed by the plaintiff. In another of the cases the dismissal by the plaintiff was "without prejudice;" in the third case the dismissal was by complainant at his costs, and in the other three cases there was no order or decree disposing of them, though plaintiff paid, or assumed to pay, the costs, and claimed that they had been dismissed in the clerk's office. Upon a full review of all the cases, and on examination of the law of costs in chancery suits in England, as well as in the federal courts of this country before the act of February 26, 1853, chapter 80, (10 St. at Large, pp. 161, 162,) from which the above-cited sections of the Revision were compiled, the taxation of the docket fees in all these cases was sustained, both upon principle and authority, although the reported decisions on the subject were found to be conflicting. Again, in 1886, the same question arose here in *Partee* v. *Thomas*, 27 Fed. Rep. 429, where, after the overruling of the defendants' demurrer to the bill, they answered, and before replication was filed the plaintiff died, and the cause was dismissed on motion of the defendants for want of revivor or of prosecution. As reported, the decision shows but a single cause, yet, as a matter of fact, there were eight similar cases brought at the same time by the same plaintiff against various defendants. Like demurrers were overruled in all of them, with leave to answer, etc., but no answer was filed in any of the other cases. The taxation of costs was the same in all, including the solicitor's $20 docket fee, and a motion to retax was made in each case for the purpose of having the docket fee

stricken out. Upon full consideration again of this subject these motions were overruled, and the taxation of the docket fees sustained. In the opinion in that case I said:

"I have not the least doubt that congress meant to give, in every equity and admiralty case, a taxed fee of twenty dollars, whenever and however it was finally ended, (with the single exception specifically mentioned in the statute,) and that it did not intend to merely provide a fee for the ceremony of trying the case before the judge on its merits, leaving all other services unprovided for, and without any fee at all, and devolving upon the court in these cases to determine, on facts not in the record, whether or not they were so far tried on the merits as to be charged for in the bill of costs; and thus substituting those words 'tried on the merits' for 'final hearing,' as used in the statute."

Since this decision there have been but three cases reported upon the exact question: *Wigton* v. *Brainerd*, 28 Fed. Rep. 29, where the docket fee was denied in a suit dismissed "for want of prosecution;" but the report does not show the facts, nor what, if anything, had ever been done in the case. In *Central Trust Co.* v. *Wabash, etc., Ry. Co.*, 32 Fed. Rep. 684,—an action to foreclose the mortgage on the defendant company, the property being in the hands of receivers,—Gilliland, by petition, intervened for damages from fire caused by a locomotive operated by them. On a reference to a master proof was taken and the claim established and allowed, but the petitioner was denied a docket fee to his solicitor because "the hearing was had upon an incidental or collateral issue that arose in the progress of a foreclosure suit." In *Ryan* v. *Gould*, Id., 754, after bill, answer, and replication, the case was dismissed, without prejudice, on complainant's motion, with costs to defendants. The case arose in the southern district of New York, and Judge LACOMBE, in his opinion, says:

"The decisions upon this point are numerous and conflicting. In the views expressed by Judge HAMMOND in *Partee* v. *Thomas, supra*, I entirely concur; but the prior decisions in this circuit are controlling of the question here, and the docket fee must be disallowed."

Counsel for plaintiff here in his brief says: "It is my impression that the bill was not filed until after the application for a preliminary injunction was refused." In this his "impression" is entirely at variance with the facts of the case as shown by the record. Nor could the motion have been made even, or any step whatever have been taken in regard to it, or concerning the cause at all in any way, until after the bill was filed. Indeed, the very institution of an equity cause is the filing of complainant's bill. Sup. Ct. Eq. Rules 11 and 12. Even the subpœna to answer only issues for such defendants as are named in the prayer for process, (rule 23,) "and if an injunction, or writ of *ne exeat regno*, or any other special order pending the suit, is required, it shall also be specially asked for," (rule 21.) It is wholly inconceivable how a plaintiff in equity could move for a preliminary injunction, or a court could act upon such a motion, in the absence of his bill showing what he wanted enjoined, or against whom he desired such injunction to operate. Rule 25 prescribes the practice "whenever an injunction is asked for by the

bill," and provides that "special injunctions shall be grantable only upon due notice to the other party, by the court in term, or by a judge thereof in vacation, after a hearing, which may be *ex parte* if the adverse party does not appear at the time and place ordered." Evidently this cause was dismissed as a direct consequence of a denial to the plaintiff of its motion for this injunction. The only object of the bill, which was under oath, and drawn with the utmost care and at great length, and fortified by many documents filed as exhibits, was to enjoin the defendant compress company from violating the terms of a certain contract alleged to exist between the parties. Its suit for this purpose was presented to the court by the bill in the strongest possible light; and the plaintiff, with good reason, no doubt, wisely concluded that, if a preliminary injunction could not be obtained upon its own showing, undefended by answer or proof of its adversary, it would be useless to expect a perpetual injunction at the end of prolonged litigation. Such being the case, and the voluntary dismissal of the cause being the direct result of the action of the court in denying the motion of the plaintiff, the reasoning in *Goodyear* v. *Sawyer*, *supra*, and *Partee* v. *Thomas*, *supra*, will support the taxation of the docket fee to the solicitor here, although no answer or demurrer was filed as in those cases respectively. And, indeed, in several of the reported cases in which such docket fees were denied, the rulings seem to have been upon the ground that the termination of the particular case was due solely to the action of the parties, uninfluenced by, and not the result of, any action by the court therein. Thus in *Coy* v. *Perkins*, 13 Fed. Rep. 111, 112, where there was an appearance by defendant, who filed a demurrer to the bill, which was never acted upon by the court, so far as the report shows, and several terms afterwards the cause was dismissed by direction of complainant, the solicitor's docket fee was denied by GRAY and LOWELL, JJ., but the argument used there certainly supports my ruling here. Mr. Justice GRAY, in the opinion, says:

"We are of opinion that upon the face of the statute the intention of the legislature is manifest that it is only where some question of law or fact involved in or leading to the final disposition actually made of the case has been submitted, or at least presented to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20; as, for instance, where the court, on motion and argument, dismisses for irregularity an appeal from the district court, as in the case, before Mr. Justice NELSON, of *Hayford* v. *Griffith*, 3 Blatchf. 79; or where the plaintiff discontinues, after the court has substantially decided the merits of the case, either by an opinion expressed at the hearing upon the merits, as in the case of *The Bay City*, before Judge BROWN, 3 Fed. Rep. 47, or by a previous interlocutory decree, as in *Goodyear Dental Vulcanite Co.* v. *Osgood*, [2 Ban. & A. 529,] decided by Judge SHEPLEY in February, 1877."

So in the brief report of *Lock Co.* v. *Colvin*, 14 Fed. Rep. 269, it appears that the plaintiff voluntarily discontinued the case after answer filed, and the solicitor's docket fee was held not to be taxable, because "there was no hearing and decision of the court." And in *McLean* v.

*Clark*, 23 Fed. Rep. 861, a demurrer to the bill had been overruled, with leave to answer. After the answer was filed, and while the case was pending upon bill and answer, (as the report would seem to indicate,) the plaintiff applied for a taxation of this solicitor's docket fee against the defendant, and it was, of course, under all the cases, except perhaps in New York, properly denied, for the suit was still pending in the courts, the decree upon the demurrer resulting not in the termination of the cause, but its further litigation. Judge BROWN says:

"But in determining what has been 'a trial or final hearing' which will authorize the taxation of a docket fee, we think that regard should be had to the result of such hearing or trial, and that we should treat that only as a final hearing in law which is a final hearing in fact. Hence if, in this case, the demurrer had been sustained, and the bill dismissed, the hearing of such demurrer would have undoubtedly been a final hearing, within the meaning of section 824."

So in *Mercartney* v. *Crittenden*, 24 Fed. Rep. 401, a demurrer was overruled, and defendants answered, and subsequently plaintiff voluntarily dismissed his bill without prejudice. Judge SAWYER held the solicitor's docket fee not taxable, saying:

"Had there been a final decree entered upon the ruling on the demurrer, without further pleadings, the hearing on the demurrer might well have been regarded as a 'final hearing,' contemplated by the act. But the decree dismissing the bill was not in consequence of the decision on the demurrer."

And in *Consolidated, etc., Co.* v. *American, etc., Co.*, 24 Fed. Rep. 658, the solicitor's docket fee was not held taxable in a cause voluntarily dismissed by the complainant after issue joined by answer and replication and before proof; but the dismissal was "without the determination of any question in the case by the court," and "before any hearing either interlocutory or final." In *Andrews* v. *Cole*, 20 Fed. Rep. 410, a final decree was obtained upon *pro confesso* without answer or demurrer, and the court held this docket fee taxable, because "the consideration of the bill is a hearing, and is final when it results in the final disposition of the cause." In like manner the docket fee was held taxable in *The Alert*, 3 Fed. Rep. 620, where a vessel was seized in a proceeding *in rem*, and the case discontinued by libelant's consent, and the vessel released upon payment of his claim and costs before claim or answer by the owners. "Such a motion, [to release the vessel,] when granted, terminates the cause, so far as the vessel is concerned; and the hearing thereon is deemed a final hearing, within the principle of the case of *Hayford* v. *Griffith*, 3 Blatchf. 79," where the dismissal was upon a motion for an omission to file security for costs.

It is not deemed necessary to further review the cases, as they are all cited in *Goodyear* v. *Sawyer*, *supra*, and *Partee* v. *Thomas*, *supra*, though for a somewhat different purpose than in the case at bar; and in thus distinguishing them I do not wish to be understood as at all abandoning my opinion expressed in those two decisions, that this docket fee is taxable in every equity and admiralty cause, "whenever and however it was finally ended,"—that such was the intention of the statute, and its

reasonable construction, as evidenced by the general law of equity costs in England, in our courts before the fee-bill act of 1853, and almost all the earlier cases under the act, and many of the later ones. But it is not necessary to decide this case alone upon that broad construction, since it falls equally within the distinction, which seems to be well recognized, that where the termination of such suit is the result or consequence of a ruling of the court upon any question of law or fact properly presented for decision, no matter in what form, and irrespective of the state of the pleadings after bill or libel filed, the solicitor's docket fee of $20 is taxable with the other costs, whether the termination be by dismissal or otherwise, or obtained at the instance of one party or the other, or by the action of the court *mero motu*. Motion overruled.