## CALIFARNO *et al. v.* MACANDREWS *et al.*

*(District Court, S. D. New York. June 3, 1892.)*

1. PRACTICE—TENDER—SOUTHERN DISTRICT OF NEW YORK.
   In the district court for the southern district of New York a libelant may at any time, on order of the court, obtain money tendered and deposited in court, sufficient only being reserved to cover future costs.

2. SAME—INTEREST.
   In the same court, when respondent serves written notice that he consents to libelants taking an order for the withdrawal of the whole or any specific portion of a sum so deposited in the registry, interest on so much of libelants' claim thereafter ceases.

In Admiralty. Application for money deposited on tender. See 49 Fed. Rep. 376.

*Wing, Shoudy & Putnam,* for libelants.

*Wilcox, Adams & Green,* for respondents.

BROWN, District Judge. Before suit the respondents tendered $1,507.-39 for freight due. The libelants declined to accept that amount, and filed their libel claiming $1,603.54. The respondents thereupon, before answer and in accordance with rule 72 of this court, deposited the

amount of their tender in the registry, and afterwards pleaded the tender and deposit in their answer. Upon the trial the libelants were found entitled to $1,603.54, the amount claimed. From the decree entered for that sum with interest and costs, the respondents appealed to the circuit court of appeals. After the appeal was perfected, the libelants applied to that court for an order directing the payment to them of the amount deposited in this court. The circuit court of appeals declined to make any order as to the deposit, on the ground that it had no authority to interfere; and that, as the fund on appeal remained in the district court, the appellate court had no control over the fund, or over the district court in respect to it, "except when the cause is reviewed and determined, and remanded for further proceedings in pursuance of the determination." As the fund is, therefore, held to remain under the jurisdiction of this court, it is proper that any suitable order in reference to it should be allowed. In the case of *Ralli* v. *Troop*, a similar application was entertained in the circuit court, after an appeal to the supreme court.

Upon such a tender and deposit the libelants will in any event be entitled to the benefit of the amount deposited. The effect of the subsequent litigation relates only to their right to a larger sum, or to the costs of litigation. At common law, when money is tendered and brought into court, the plaintiff is at all events entitled to it. 1 Saund. 33, note 2; *The Rossend Castle*, 30 Fed. Rep. 462, 464, and cases there cited. In the last case it was considered by this court that rule 72, requiring the tender to be deposited in court, was designed to adopt to that extent the common-law practice. If so, the deposit should be deemed to be available to the libelant as on a common-law deposit. *Taylor* v. *Railroad Co.*, 119 N Y. 561, 23 N. E. Rep. 1106. Rule 72, moreover, expressly provides that the tender deposited in court shall "abide the order, or decree, to be made in the matter." The effect of the rule, therefore, is to make the moneys deposited under it practically the moneys of the plaintiff, obtainable at any time through the order of the court upon such terms as may be just.

By the Code of Civil Procedure of this state, (section 732,) the right of the plaintiff to take out money so paid in, is recognized; and this is in accord with the ordinary practice in this court upon the consent and stipulation of the parties. Such a course is advantageous to both parties, as it saves to one or the other the loss of interest which must arise if the deposit remains in the registry during a long litigation. And as the libelant is entitled, in any event, to the benefit of the whole deposit, neither party can be benefited by, or have any interest in, the detention of the fund in the registry during the subsequent litigation, beyond what is necessary for a reasonable indemnity against future costs.

It is but just, however, that the respondent, who has paid his money into court, should not be required, in case of his ultimate success, after appeal it may be, to look to the security of the libelant's bond alone for

the considerable amount of costs which in that case would accrue in his favor. Complete equity will be done, and the interests of both parties subserved, if a sufficient sum be reserved to cover all such prospective costs, and the residue of the fund be at once paid over to the libelant. If the defendant fail in his defense, he will by this means be at least saved a considerable difference in interest upon the amount so paid over.

An order may be entered in accordance herewith, reserving $300 for future costs in this action. Such will be the future practice. Hereafter, also, on written notice of the respondent's consent that the libelant may take an order for the withdrawal of the whole or any specific portion of the sum tendered, interest on so much of the libelant's claim will thereafter cease.