### KAEMPFER v. TAYLOR.

#### (Circuit Court, D. Connecticut. February 12, 1897.)

1. COSTS—SOLICITOR'S DOCKET FEE—FINAL HEARING.
   To constitute such a "final hearing" as will authorize the taxation of a solicitor's docket fee of $20, under section 824, Rev. St., there must be a hearing of the cause on the merits. And the mere fact that an order discontinuing a cause without prejudice provides that certain depositions filed by defendant may be used by him in any suit brought by complainant on the same cause of action does not make such a discontinuance a final hearing, within the meaning of the statute. Manufacturing Co. v. Colvin, 14 Fed. 269, Wooster v. Handy, 23 Fed. 49, and Ryan v. Gould, 32 Fed. 754, followed.

2. SAME.
   Although the statute allows no solicitor's docket fee upon a discontinuance, yet, following the analogy of the common law, a fee of five dollars is allowed in equity.

3. SAME—SOLICITOR'S FEE FOR DEPOSITIONS.
   It is not proper to tax a solicitor's fee under that portion of section 824 which allows to attorneys a fee of $2.50 "for each deposition taken and admitted in evidence in a cause," unless the depositions are admitted in evidence in that cause. It is not sufficient that the court, by order, provides for their use in any future suit.

4. SAME—COPIES OF PAPERS.
   A taxation for copies of papers cannot be allowed where the copies are not actually used on the trial or final hearing. Wooster v. Handy, 23 Fed. 49, followed.

Dyer & Driscoll, for complainant.
F. W. Smith, Jr., for defendant.

TOWNSEND, District Judge. This is an appeal from the taxation by the clerk of the following items in defendant's bill of costs: Solicitor's docket fee on final hearing, $20; solicitor's fee on seven depositions, $2.50,—$17.50; disbursements for copies of patents, $10.50. The bill, answer, and replication were duly filed, issued, and served, and proofs were taken. After defendant had closed his case, the court, upon motion of complainant for a discontinuance, made an order "that this cause be, and the same is hereby, discontinued, without

prejudice, upon the payment of defendant's costs to be taxed; and, further, that certain testimony taken on behalf of defendant, and now on file with the clerk of this court, may be used by this defendant in any suit brought by this complainant against this defendant on the patent here in suit." The conflicting cases bearing upon the question of what constitutes "a final hearing" upon which such docket fee is taxable under the provisions of section 824 of the Revised Statutes, are collected and discussed by Judge Hammond in Louisville & N. R. Co. v. Merchants' Compress & Storage Co., 50 Fed. 449, which seems to have been overlooked by counsel in this case. The decisions of Judge Wheeler in Manufacturing Co. v. Colvin, 14 Fed. 269, of Judge Blatchford in Wooster v. Handy, 23 Fed. 49, of Judge Lacombe in Ryan v. Gould, 32 Fed. 754, and the definition of a final hearing by Judge Wallace in Andrews v. Cole, 20 Fed. 410, as one where "the cause has been finally determined, and its determination involved a hearing by the court," are controlling in this circuit.

It is urged on the authority of The Alert, 15 Fed. 620, that the order of court as to the use of depositions filed herein made this a final hearing. But the order in The Alert discharged the res from custody in a proceeding in rem on payment of the amount claimed by libelant and his costs. As Judge Blatchford says in Wooster v. Handy, supra: "Judge Benedict held that, as an order of court was necessary to obtain the release of the vessel and to cancel the libelant's stipulations, the hearing on the motion to that effect was a final hearing." Judge Blatchford, in said opinion, expressly says "that, to constitute a final hearing in equity, there must be a hearing of the cause on the merits." See, also, opinion to same effect of Mr. Justice Gray, cited and followed by Mr. Justice Brown in Cleaver v. Insurance Co., 40 Fed. 863. In these circumstances the docket fee of $20 must be disallowed. I understand, however, that while the fee bill allows no solicitor's docket fee upon a discontinuance, it has been the practice in this district, following the analogy of the common law, to allow a fee of $5 in equity, and said sum is therefore allowed. The item for $17.50, for seven depositions, was allowed under that portion of section 824 which allows to attorneys a fee of $2.50 " for each deposition taken and admitted in evidence in a cause." These depositions, although taken in this cause, were not admitted in evidence therein. The order of court only provided for their admission in evidence in such suits as might thereafter be brought. The taxation for depositions is disallowed. The taxation for copies of patents must be disallowed, under the rulings of Judge Blatchford in Wooster v. Handy, supra. The copies were not "actually used on or in the trial or final hearing."