MERRITT & CHAPMAN DERRICK & WRECKING CO. v. CATSKILL &
N. Y. STEAMBOAT CO.

(District Court, S. D. New York. December 18, 1901.)

ADMIRALTY—SUFFICIENCY OF TENDER BY RESPONDENT—DOCKET FEE.

A respondent in a suit in admiralty, who makes a tender and deposit at the time of filing the answer, is not required to include therein a docket fee, which is only taxable, under Rev. St. § 824, when the case is determined on its merits after a hearing.

In Admiralty. On appeal from clerk's taxation of costs.

Carpenter & Park, for libelant.

Benedict & Benedict, for respondent.

ADAMS, District Judge. This is an appeal from the clerk's taxation of the respondent's costs. The cause arose out of a salvage proceeding in personam, in which there was an admission by the respondent of some liability, and $105 were paid into court at the time of filing the answer; $100 being designed to cover the liability, and $5 to cover the clerk's fees for receiving and paying out the money, as well as the fees for filing the libel. No docket fee was tendered or paid into court. The tender of $100 was determined to be sufficient to cover the salvage claim, and the question now arises whether an additional $20 should have been tendered and paid in. I have been referred to no decision directly governing the point and have found none. The statute relating to the matter provides for the taxation and allowance as follows: "On a trial before a jury, * * * or on a final hearing in equity and admiralty, a docket fee of twenty ($20) dollars. * * *" Section 824, Rev. St. U. S. This has been construed to mean that any final determination of the case by the court on its merits is a final hearing, carrying a docket fee. Wooster v. Handy (C. C.) 23 Fed. 49 et passim. But in this circuit a dismissal of a bill in equity on the motion of the solicitor for the complainant would not entitle the defendant to a docket fee. Ryan v. Gould (C. C.) 32 Fed. 754. Nor would the obtainment of an order pro confesso necessarily entitle the complainant to a docket fee. It would be requisite that a bill should be decreed by the court after an examination to determine whether the facts entitled the complainant to the relief demanded. Andrews v. Cole (C. C.) 20 Fed. 410. The test seems to be whether something more than merely formal action of the court is necessary, both in equity and in admiralty. Kaempfer v. Taylor (C. C.) 78 Fed. 795; The H. C. Grady (D. C.) 87 Fed. 483. In the case under consideration the libelant might, under admiralty rule 38 of this district, have withdrawn, as a matter of right, so much of the tender as the court should not deem it necessary to retain for the securement of the respondent's costs, without prejudice to its subsequent litigation for a larger amount. No action of the court on the merits of the controversy was required, and I conclude that the tender and deposit of the docket fee were not necessary. The clerk correctly taxed the respondent's costs from the time of deposit, including a docket fee, under admiralty rule 36 of this district.

The taxation is affirmed.