## THE CLAVERBURN.

(District Court, S. D. New York. October 4, 1906.)

ADMIRALTY—COSTS—EFFECT OF OFFER BY RESPONDENT.

Where an offer is made by a respondent in admiralty before trial, and the money paid into court in conformity to admiralty rule 36 of the Southern district of New York, it is not necessary that such offer should include a proctor's docket fee or deposition fees; and when on the trial the offer is found sufficient respondent is entitled to tax such fees, and also disbursements made in the taking of testimony used on the trial, although the expense was incurred before the offer.

In Admiralty. On exceptions to clerk's taxation of costs.

Stimson & Williams and Avery F. Cushman, for libelants.
Convers & Kirlin and Orville C. Sanborn, for claimant.

ADAMS, District Judge. The present controversy in this action arises out of a question of the taxation of costs and disbursements. The action was brought by Louis C. Gillespie and others against the steamship Claverburn to recover the loss sustained through some damage to a consignment of Wood Oil on a voyage from China to New

York. Part of the damage was caused by some Gambier stowed above it. Pending the action, on the 4th of December, 1905, the claimant tendered and paid into court the following:

"Damages to casks by gambier ................................$ 76 80
Interest thereon from Jan'y 6, 1905 to Dec. 5, 1905............... 4 30
Costs as per Statute:
Proctors' docket fee ............................................ 20 00
Proctors' deposition fee for 5 depositions @ $2.50 each............ 12 50

Taxable disbursements heretofore made herein by libellants and not re-paid to them:
Clerk's fees filing libel ........................................ 2 80
 "    "    "    note of issue.................................. 1 00
Notary's fees ................................................... 1 00
The Clerk's fees and commissions on deposit...................... 1 75
                                                                 ————
Total sum deposited and tendered herein....................$120 15"

On the 19th of September, 1906, the libel was dismissed and the libellants' costs were taxed as follows:

"Libellants Bill of Costs up to December 4th, 1905, the date of payment of tender:
Proctors' docket fee.............................................$20 00
Depositions (5) ................................................. 12 50

                          Disbursements.
Filing libel ..............................................$2 80
Note of issue............................................... 1 00
Notary fees ................................................ 1 00
Clerk's fees and commissions on deposit..................... 1 75
Taxing costs ............................................... 1 10     7 65
                                                                   ————
                                                                   $40 15"

The claimant then sought to tax the following:
                            "Costs.
Proctor's Docket fee ..........................................$20 00
Proctor's fee, $2.50 for each 5 depositions read on trial  *  *  *...... 12 50
                                                                  ————
                                                                  $32 50
                          Disbursements.
Clerk's fees filing answer and stipulation & claim ................$ 1 85
Marshal's fees serving process.................................... 4 90
Marshal's fees on bonding ........................................ 8 53
Notary's fees .................................................... 2 00
Stenographer's fees taking depositions taxable by consent .......... 96 95"

The clerk disallowed the first two items of costs but allowed the disbursements, whereupon exceptions were duly taken to save the claimed rights of both parties, the disputed points being (1) as to the claimant's docket fee ($20.00) and deposition fees ($12.50), and (2) as to the disbursements mentioned.

Rule 36 is as follows:

"*  *  * At any time not less than 14 days before a trial the respondent or claimant may serve upon the libellant's proctor a written offer to allow a decree to be taken against him for the sum of money therein specified, with costs to the date of the offer to be taxed, which the libellants may within ten days thereafter accept and enter judgment accordingly; if not so accepted, and the libellant fail to obtain a more favorable decree, he cannot recover costs from

the time of the offer; but if the respondent or claimant deposits the amount of his offer, or tender, and the clerk's fees for paying out the same, with the clerk, the respondent shall recover costs from the time of deposit if the libellant does not recover a more favorable decree."

1. With reference to the docket and deposition fees, it has been heretofore held in this court that it is not necessary to offer a docket fee in making a tender, because one does not become due before trial and where one is not tendered it becomes the clerk's duty to tax one for the respondent when he is successful in establishing that the amount tendered and paid into court was sufficient to meet the libellant's claim. Merrit & Chapman Derrick & Wrecking Company v. Catskill & N. Y. Steamboat Co. (C. C.) 112 Fed. 442. Apparently the payment of the docket fee into court was unnecessary and the claimant is entitled to tax it and it seems the deposition fees should not have been tendered. They were not due to the libellants at the time, as the depositions could not be used before a trial. It has been decided that the charge for them only becomes taxable when they are admitted in evidence. Kaempfer v. Taylor (C. C.) 78 Fed. 795.

No exception was taken by the claimant to the clerk's taxation of the libellants' costs, therefore it must stand. Also for the further reason that upon payment into court, the fees became the libellants' property, and they were liable to be withdrawn at any time subject to the retention in court of such sum as might be necessary to secure the claimant's subsequent costs. Califarno et al. v. MacAndrews et al. (D. C.) 51 Fed. 300.

The claimant is entitled to tax these fees.

This exception is sustained.

2. With regard to the disbursements made in taking testimony, it is urged by the libellants that as it and the other expenses up to that time were incurred before the tender and the payment into court, they were merged in the admitted recovery of costs and cannot now be allowed to the claimant. Although they were so taken, they were not used until the time of the trial and were a part of the basis of the defeat of the libellants' action. It is but just, as it is usual, to allow a taxation of these necessary disbursements, to the successful party and the clerk's action in this matter is sustained.

This exception is overruled.