SWAN et al. v. WILEY, HARKER & CAMP CO.

(District Court, S. D. New York. February 5, 1908.)

ADMIRALTY—COSTS—DOCKET FEE AND DISBURSEMENTS ON ACCEPTED OFFER OF JUDGMENT.

> Where an offer of judgment made by a respondent under admiralty rule 36 of the Southern district of New York is accepted, and there is no hearing by the court upon the merits of the case, the libellant is not entitled to tax a docket fee, but is entitled to tax disbursements necessarily made in order to avail himself of the offer.

In Admiralty. On exceptions to clerk's taxation of costs.

Wing, Putnam & Burlingham, for libellants.

Hyland & Zabriskie, for respondent.

ADAMS, District Judge. This is an appeal from the clerk's taxation allowing the recovery by the libellants of a docket fee and certain disbursements made subsequent to an offer of judgment which was duly excepted to by the respondent.

With respect to the docket fee, the action was to recover certain demurrage. The respondent filed an answer denying that any demurrage was due. Later the respondent served upon the libellants' proctors, under Admiralty Rule 36, an offer to allow judgment for the sum of $120, with interest and costs to the date of the offer. This offer was duly accepted and now in entering judgment thereupon the libellants seek to recover a docket fee, citing Hayford y. Griffith, Fed. Cas. No. 6,264, 3 Blatchf. 79 and The Alert (D. C.) 15 Fed. 620. These decisions would seemingly determine the controversy in their favor, but more recently a stricter construction has been given to the act, which provides for the allowance of a docket fee as follows:

"On a trial before a jury * * * or on a final hearing in Equity and Admiralty."

The absence of a final hearing has been held to exclude a docket fee where it appears that the court has not in any way passed upon the merits of the controversy involved in the action. Ryan v. Gould (C. C.) 32 Fed. 754; Kaempfer v. Taylor (C. C.) 78 Fed. 795; The Mount Eden (D. C.) 87 Fed. 483; De Roux v. Girard (C. C.) 92 Fed. 948; Merritt & Chapman Derrick & Wrecking Co. v. Catskill & N. Y. Steamboat Co. (D. C.) 112 Fed. 442; and the Claverburn (D. C.) 148 Fed. 139. I think that this case falls within the spirit of those cited and must therefore hold that the allowance of this fee was wrong.

Exception sustained.

The disbursements in dispute were as follows: Filing acceptance of offer 10c., taxing costs $1.10, final decree $1.50. It is urged by the exceptant that there is nothing in the rule which would entitle the libellants to anything more than the disbursements incurred prior to the time the offer was made.

The rule, No. 36, provides:

"At any time * * * the respondent * * * may serve upon the libellant's proctor a written offer to allow a decree to be taken against him for the sum of money therein specified, with costs to the date of the offer to be taxed. * * *"

Nothing appears in the rule which prevents the recovery of items necessarily paid by the libellant in order to avail himself of the offer. He is obliged to file the acceptance, tax the costs, and enter a final decree.

Exception overruled.