## THE DWINSK.

### THE ENERGETIC.

(District Court, S. D. New York. August 9, 1915.)

ADMIRALTY ⬤⟞124—ALLOWANCE OF DOCKET FEE.

Under the provision of Rev. St. § 824 (Comp. St. 1913, § 1378), allowing a docket fee of $20 "on a final hearing in equity and admiralty," such fee is not allowable on the entry of a decree in admiralty by consent of parties, without the submission of any question of law or fact to the court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. ⬤⟞124.]

In Admiralty. Suit by Bernard McLain against the steamship Dwinsk and steam tug Energetic. On appeal from clerk's taxation of costs. Sustained.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hyland & Zabriskie, of New York City, for libelant.
Ralph J. M. Bullowa, of New York City, for claimant Dwinsk.

AUGUSTUS N. HAND, District Judge. Section 824 of the Revised Statutes allows "on a final hearing in equity and admiralty, a docket fee of twenty (20) dollars. * * *" In this case, by consent, an interlocutory decree in admiralty was entered, and the damages for a collision afterwards agreed upon. There was no proof offered of any kind. I think the case falls within the principles laid down by Mr. Justice Blatchford in the case of Wooster v. Handy (C. C.) 23 Fed. 49. The test he adopted was practically that the hearing must be upon the merits, and that the decree must not follow as a matter of course. To quote his language on page 56 of the above case:

" 'A final hearing in equity or admiralty,' within the meaning of section 824, * * * must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of pro confesso, or bill or libel and answer, or pleadings alone, or pleadings and proofs. Nor does it detract from the force of this conclusion that what is called an interlocutory decree, as distinguished from a final decree, is often entered as the result of a decision on a final hearing."

Judge Adams reached the same conclusion in the case of Merritt & Chapman Derrick & Wrecking Co. v. Catskill & N. Y. Steamboat Co., 112 Fed. 442, where he said:

"This has been construed to mean that any final determination of the case by the court on its merits is a final hearing, carrying a docket fee. * * * It would be requisite that a bill should be decreed by the court after an examination to determine whether the facts entitled the complainant to the relief demanded."

Judge Townsend in the case of Kaempfer v. Taylor, in the Circuit Court for Connecticut, 78 Fed. 795, enunciated the same doctrine, as did Mr. Justice Brown in Cleaver v. Traders' Insurance Co. (C. C.) 40 Fed. at page 864. In the case of Coy v. Perkins (C. C.) 13 Fed. 111, Mr. Justice Gray and Judge Lowell, in the First circuit said:

"We are of opinion that upon the face of the statute the intention of the Legislature is manifest that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20. * * *"

Under these authorities, I think the docket fee cannot be allowed in this case, because the decree was entered as a matter of course upon consent of the parties, and not by reason of the submission of any question of law or fact to this court.

The ruling of the clerk in taxation of costs is sustained accordingly.