# UNITED STATES, Libellant,

*v.*

# WRIGHT'S PILLS, Respt.

San Juan, Admiralty, No. 1099.

ATTORNEY'S TAX FEE.

Docket Fee—Right of Proctor to.
>  A proctor is not entitled to a docket fee where a final decree
>  has been entered by agreement but no final hearing of the case has
>  been had.

Opinion filed December 21, 1915.

*Mr. Miles M. Martin,* District Attorney, proctor for fee.

*Mr. O. B. Frazer* proctor for claimant opposed.

HAMILTON, Judge, delivered the following opinion:

This is a libel *in rem* by the district attorney under the Pure Food & Drug Act of June 30, 1906, alleging that the labels of 7½ gross packages of Wright's Indian Vegetable Pills contained certain false statements. The packages were seized, and arrangements were made by a claimant to settle the case by giving a bond that the pills would not be sold in violation of law. Both proctors appeared before the court and agreed to a decree to this effect, which was duly entered. In taxing the costs the clerk in-

cluded a docket fee of $10, from which the proctor for claimants appealed.

The law of fees so far as relates to this case is contained exclusively in §§ 823 and 824 of the Revised Statutes of the United States, Comp. Stat. 1913, §§ 1375, 1378, as follows:

"§ 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several states and territories, except in cases otherwise expressly provided by law. . . .

"§ 824. On a trial before a jury in civil or criminal causes, or before referees, or, on a final hearing in equity or admiralty, a docket fee of $20; provided, that in cases of admiralty and maritime jurisdiction, where the libellant recovers less than $50, the docket fee of his proctor shall be but $10. In cases at law, when judgment is rendered without a jury, $10. In cases at law, when the cause is discontinued, $5."

1. So far as the recovery is concerned, the value involved is not clearly before the court. The bond given pursuant to the settlement arranged between the parties, however, was for $250. It must be assumed, therefore, as apparent from the record that the amount involved was at least over $50. Sometimes a bond is given in double the amount involved, but even so, the value must have been above this minimum of $50.

2. The more serious question is whether any docket fee is allowable under the circumstances of this case. Costs are strictly construed. There can be no item of cost unless it is clearly provided for by statute, in this case Rev. Stat. § 824. The question is, what is meant by the provision, "a final hearing in

equity or admiralty ?"   The claimant urges in opposition to the allowance of the fee that there must be an actual contestation of the case on the merits.   Dedekam v. Vose, 3 Blatchf. 153, Fed. Cas. No. 3,731.   In equity, a final hearing is a submission of a cause for determination of the court after a case is at issue. Goodyear Dental Vulcanite Co. v. Osgood, 2 Bann. & Ard. 529, Fed. Cas. No. 5,594.   A trial is entered upon by the swearing of a jury in a common-law case, or the introduction of testimony in a case in equity or admiralty.   The Bay City, 3 Fed. 47; Coy v. Perkins, 13 Fed. 111.   To be a final hearing there must be a hearing of the cause upon the merits,—that is, a submission with a view to determination where the plaintiff or libellant has made out a case for relief.   Wooster v. Handy, 23 Blatchf. 113, 23 Fed. 49; Louisville & N. R. Co. v. Merchants' Compress & Storage Co. 50 Fed. 449.   Where there is a bill and answer and stipulation dismissing the case with costs, a docket fee has been denied.   Ryan v. Gould, 32 Fed. 754.

The case at bar is not technically one of a consent decree. It is one in which the United States claimed the forfeiture of certain goods, and a claimant appeared, and by procedure indicated in the statute, secured the delivery of the property to himself on certain conditions.   The government succeeded in what it aimed at, that is to say, the removal of certain improperly labeled merchandise from the market; but at the same time, there was no litigation in the matter.   There was no issue submitted to the court for determination.   The law seems to make the final hearing in admiralty run parallel with that of a trial before a jury.   A final hearing in chancery practice is the trial of a chancery suit.   It is in its essence the same as a trial which is had before a jury.   It involves the opening of the case, the

hearing of the evidence, and the decision of the court. Bouvier's Law Dict. s. v. Hearing. A trial is defined in the same dictionary as the examination before a competent tribunal, according to the laws of the land, of the facts in issue in a cause, for the purpose of determining such issue. United States v. Curtis, 4 Mason, 232, Fed. Cas. No. 14,905. Otherwise stated, it is the examination of the matter of fact in issue in a cause, and involves its decision. Stephen, Pl. 77; Bouvier's Law Dict. s. v. Trial.

In the case at bar there cannot be said to have been a hearing by the court of anything. The parties conferred and in effect agreed that a certain form of decree should be entered, and the court carried out this understanding. It does not seem, therefore, that there was any trial or final hearing of an issue of fact or law. There was a final decree, but not a final hearing.

The appeal from the decision of the clerk taxing an attorney's fee is therefore sustained.

It is so ordered.