## THE BLUEFIELDS.

(District Court, S. D. Alabama. May 27, 1921.)

1. Costs ⊂⇒42(2)—Courts ⊂⇒85(3)—Court rule governing offer of decree to avoid cost must be construed with federal statute authorizing docket fee.

> The rule of the District Court authorizing an offer to permit entry of decree, and providing that after such offer is made no costs shall be taxed against respondent, unless a decree for a larger amount than was included in the offer is rendered, must be construed in the light of the federal statute fixing the costs, and requires the payment, not only of costs then accrued, but also the necessary costs for filing the tender and entering the final decree thereon.

2. Admiralty ⊂⇒124—Decision of controversy not necessary to taxing proctor's fees.

> Under Rev. St. § 824 (Comp. St. § 1378), authorizing a docket fee for attorney, solicitor, or proctor on a trial before a jury, before referees, or on a final hearing in equity or admiralty, it is not essential to the allowance of such docket fee that a controversy has been submitted or decided; but it is sufficient if some question of law or fact involved in or leading to the final disposition actually made of the case has been submitted or presented to the consideration of the court, whether it is a disputed state of facts or an agreed statement of facts.

3. Admiralty ⊂⇒88—Libelant can take final decree after claim is paid into court.

> When the respondent pays into court the amount claimed by libelant in an admiralty suit, with costs accrued to date, the libelant is not required to dismiss his libel, but may ask for the entry of final decree on the admission of liability contained in the payment into court.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Admiralty ⚏125—Proctor's fee can be taxed on decree after payment into court.**

Since the proctor's docket fee can be taxed when the decree for libelant is rendered pro confesso and the final decree entered thereon, it can also be taxed against a respondent who admitted liability only by paying the amount of the claim into court, with the costs then accrued.

**5. Admiralty ⚏124—Libel for wages held properly filed under honest belief master would make an erroneous deduction.**

A libel to recover the wages of a sailor, who had been sent to a hospital for treatment, where the sailor honestly believed, from a misunderstanding of the statement by the owner, that the owner intended to deduct from his wages the hospital bill, was not merely vexatious, and the libelant is entitled to recover his proctor's docket fee.

In Admiralty. Libel against the schooner Bluefields for wages of libelant while he was employed as a sailor on the schooner. On motion of the libelant for final decree. Granted, and entry of decree directed.

A. T. Howard, of Mobile, Ala., for libelant.
E. G. Rickarby, of Mobile, Ala., for claimant.

ERVIN, District Judge. This matter comes on to be heard on a motion of the proctor for libelant for a final decree. The facts in this case are substantially as follows:

Libelant was employed as a sailor on the schooner Bluefields, and had earned $44.90, and when they got to Mobile he was found to be in a condition which necessitated his going to the Marine Hospital, and he was sent there. After being treated, he was discharged by the hospital, and then he made a demand for his wages on Capt. Scott, owner of the vessel, who resides in Mobile. Capt. Scott told him that he could not then go with him to the shipping commissioners to pay him off, but there had been a bill for the services of the hospital presented, and he did not know at that time whether the vessel or the sailor would have to pay the bill, but that he would go with him the following day to the proper authorities, and then he would know whether to deduct the hospital bill or not, according as the authorities said it should or should not be deducted.

The sailor misunderstood in part what Capt. Scott had said, and inferred from the conversation that he would be willing to pay the wages on the following day, but was going to deduct the hospital bill. The sailor then went to the port authorities, who told him the hospital bill could not be deducted from his wages. He then asked them what he should do, and was advised by them to consult his attorney. This he did; he stating to his proctor that Scott proposed to deduct the hospital bill from his wages. The libel was filed, and, as soon as notice of the filing of the libel was given, the vessel came in and paid the amount of the sailor's demand, and paid the costs then accrued into court, and it is now held by the clerk. The only controversy in the case arises over the question of a proctor's fee to the libelant's proc-

⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tor, and this question depends on the proper construction of section 824 of the Revised Statutes (Comp. St. § 1378).

[1] The rule of this court provides as follows:

"At any time before trial a respondent or claimant may serve and file a written offer to allow a decree to be entered for a sum therein specified, with costs to the date of the offer. Such offer shall have the effect of a tender, and the respondent or claimant shall recover costs from the date of filing the offer, unless the libelant shall recover damages in excess of the amount of the offer."

There having been no final decree entered, it is manifest that the libelant's proctor has not yet become entitled to his fee; but treating the case, for the purpose of deciding the question, as though the motion had been granted and a final decree entered in favor of the libelant, I will proceed to discuss the question of the proctor's fee.

[2] It is manifest in the first place that the rule of this court must be construed in light of the federal statute, and also that in construing the rule it will be necessary for the claimant who makes the tender to pay into court, not only the costs then accrued, but the necessary costs of filing the tender and entering the final decree thereon. The controlling statute is section 824 of the Revised Statutes, which reads as follows:

"On a trial before a jury, in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of $20."

There is a further provision that, if the claim is for less than $50 the proctor's docket fee shall be only $10. This statute has been before the courts frequently, and has not been construed uniformly at all by the various courts; some of them holding that the docket fee is earned whenever any final order is made disposing of the cause. Goodyear v. Sawyer (C. C.) 17 Fed. 2; The Alert (D. C.) 15 Fed. 620; L. & N. R. Co. v. Mer. Comp. & Storage Co. (C. C.) 50 Fed. 449. Others hold that there must be a passing on the merits of the "controversy" by the court in order to tax the fee. Swan v. Wiley, Harker & Camp Co. (D. C.) 161 Fed. 236. I am inclined to think that these two conflicting views are the extremes, and according to my construction of the statute the right lies between them. In discussing the matter we must remember that section 823, Revised Statutes (Comp. St. § 1375), forbids allowance of any other compensation to the attorney than such as shall be taxed and allowed under the provisions of section 824.

What, then, is necessary under section 824 to entitle a proctor to have his fee taxed. It will be noticed in the first place that—

"The fee is not made by the statute to depend upon a judgment or decree, but is taxable on a trial or final hearing." The Bay City (D. C.) 3 Fed. 47.

This seems to me to be conclusive against the first line of authorities. The question then arises: What is such a "final hearing in equity or admiralty" as entitles a proctor to have his fee taxed?

It has been held, and I think correctly so, that where a decree pro confesso is entered, and thereon the final decree is made, that the tax fee is earned. Andrews v. Cole (C. C.) 20 Fed. 410. In Coy v. Perkins (C. C.) 13 Fed. 111, Justice Gray says:

"We are of the opinion that upon the face of the statute the intention of the legislature is manifest that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20."

This statement meets my views. It will be noticed that nothing is here said about any "controversy" or dispute. We all know that many final hearings are had, both in equity and admiralty, and decrees written thereon, which do finally dispose of a question of law or fact involved in the bill or libel as filed, in which there is no "controversy," but the parties have agreed on the facts or on an adjustment. It seems to me that, where this has been done, the parties are strictly within the terms of the statute, and the fee must be taxed. The H. C. Grady (D. C.) 87 Fed. 483. The language of the statute is not "on the final hearing of the controversy," but merely "on the final hearing," so that the proctor must represent the libelant's claim to a decree on some final hearing whch disposes of the case as made in the libel, whether this decree is made on the law, or whether it is made on a disputed state of facts, or whether it is made on an agreed state of facts. If the cause was dismissed by the libelant, or was disposed of in some such manner, there is never such final hearing as entitles the proctor to have his fee taxed; but, on the other hand, there is nothing in the statute which limits the allowance of the fee to cases in which there is a controversy over the law or facts. We should follow the statute, and not try and distort its meaning, but give its words their fair and ordinary meaning.

[3] It is conceded that at present no fee can be taxed in favor of the libelant's proctor, because no final decree has been rendered. It is contended that, because the money has been paid into the court to cover libelant's claim and the costs now accrued, the libelant cannot now proceed to take a final decree on these facts.

It is conceded in argument that, if no appearance had been made by the vessel or her owner, the libelant could have taken a decree pro confesso, and then on the submission have obtained a final decree, which would have authorized the taxing of his fee. Contention is made, though, that because the money has been paid in court the libelant must dismiss his libel, so that the fee cannot be taxed. I know of no power on the part of the defendant to control the conduct by the libelant of his cause, and it seems to me that, where the money has been paid into the court by the vessel, the libelant has his option either to dismiss the libel and take the money, in which event no fee could be taxed, or to ask, as he here has done, for a final decree because of the confession made by the payment into court of his wages. It seems to me that a decree so rendered would be such a final hearing as was contemplated by section 824, though there is no controversy or dispute over the facts or law as stated in the libel; the only dispute being whether or not the taxed fee shall be allowed.

[4] Again, if the proctor is entitled to his fee on a final decree on a decree pro confesso, or on a plea filed confessing his cause, how can claimant contend that, if he does less than expressly confess the de-

mand by merely paying the money into court, the right to the fee is defeated.

[5] It is further contended that this libel was improperly filed, because the libelant was informed before it was filed, and at the time he made his demand for his money, that his wages would be paid on the following day, and that the litigation was vexatious, and no costs should be allowed. In this case I find that the sailor honestly believed that the owner was going to deduct the hospital bill from his wages before payment, and there was no impropriety in his bringing suit when he did.

The decree will therefore be entered in accordance with this opinion, and the clerk is hereby directed that, when the decree is finally entered, he will tax a fee of $10 for libelant's proctor.