## THE LADY DRAKE.

### HOBSON v. LADY DRAKE, Limited.
### No. 12927.

District Court, E. D. New York.
June 21, 1932.

Bigham, Englar, Jones & Houston, of New York City (J. L. Quinlan, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Michael F. Whalen, of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a motion made by the libelant to retax respondent's costs by eliminating the docket fee which was taxed by the clerk of the court.

The libel was filed to recover for alleged damages to a cargo that was carried on the steamship Lady Drake from Barbados to St. John, New Brunswick.

On motion of the respondent the court declined to take jurisdiction on the ground that the ends of justice would be best served by remitting the parties to the courts of Canada or the Maritime Provinces. A decree was thereupon entered dismissing the libel. 1 F. Supp. 317.

Libelant contends that the docket fee of $20 should be eliminated from the decree. The docket fee is governed by section 824 of the Revised Statutes (title 28, USCA § 572), which provides: "§ 572. Attorneys, solicitors, and proctors. On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20: Provided, That in cases of admiralty and maritime jurisdiction, where the libelant recovers less than $50, the docket fee of his proctor shall be but $10. * * * "

This section provides for a docket fee after a final hearing. The hearing is final in this case, and the libelant is barred from prosecuting its cause in this court. Pursuant to this section under the facts herein disclosed, the final hearing need not be upon the merits. So far as this case is concerned the proceedings are final in this court. Upon a dismissal of the libel the respondent is entitled to the docket fee. The Alert (D. C.) 15 F. 620; Coy v. Perkins (C. C. Mass.) 13 F. 111.

Motion to retax denied. Settle order on notice.