## THE RONDO.

### No. 14448.

District Court, E. D. New York.

Aug. 21, 1936.

Hatch & Wolfe, of New York City, for claimant.

Earl Appleman, of New York City, for libelant.

Haight, Griffin, Deming & Gardner, of New York City, for respondent-impleaded.

CAMPBELL, District Judge.

This is a motion for an order retaxing the costs of the respondent-impleaded the West India Steamship Company and upon such retaxation denying the bill of costs of the respondent-impleaded, West India Steamship Company.

A libel was filed herein in rem by the libelants against the steamship Rondo to recover $3,000 for alleged damage to a shipment of sugar moving from Cuba to New York, on board the said steamship Rondo during November, 1934.

The steamship Rondo, during the voyage in question, being under charter to the West India Steamship Company, the claimant of the steamship Rondo filed a petition under the 56th Rule in Admiralty, impleading the charterer of the vessel, the West India Steamship Company.

The charter party under which the claimant sought to recover from respondent-impleaded contained a provision for arbitration.

The respondent-impleaded West India Steamship Company immediately demanded that the claimant submit the controversy between them to arbitrators in accordance with the provision for arbitration.

This the claimant refused to do, and it was necessary for respondent-impleaded to move before this court to compel arbitration.

The controversy as between the respondent-impleaded and the claimant was decided in favor of the latter and a motion made to confirm the reports of the arbitrators, which motion was granted by Judge Galston on the 22d day of October, 1935.

The hearing on the motion to confirm the report of the arbitrators was a final hearing. The Hartbridge (C.C.A.) 57 F.

(2d) 672, 1932 A.M.C. 612; The Lady Drake (D.C.) 1 F.Supp. 319.

Section 824 of the Revised Statutes (title 28 U.S.C. § 572 [28 U.S.C.A. § 572]) provides as follows: "§ 572. Attorneys, solicitors, and proctors. On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20: Provided, That in cases of admiralty and maritime jurisdiction, where the libelant recovers less than $50, the docket fee of his proctor shall be but $10:"

The hearing on the motion to confirm having been a final hearing, the proctors for the respondent-impleaded are entitled to the docket fee, and the other items taxed by the clerk.

The cases of The Carnia (D.C.) 1 F. Supp. 219, and the Dwinsk (D.C.) 227 F. 958, cited on behalf of the claimant, are not in point. In The Carnia, supra, the libel was dismissed on consent, and in The Dwinsk, supra, the decree was entered on consent, which clearly distinguish them from the instant suit, in which the report was confirmed on motion.

The motion for retaxation is denied, and the costs as taxed by the clerk are confirmed.