ANDREWS *v.* COLE.

*(Circuit Court, N. D. New York.   May 30, 1884.)*

1. ORDER PRO CONFESSO—DOES NOT ENTITLE COMPLAINANT TO FINAL DECREE AS OF COURSE.
    A complainant is not entitled as of course to a final decree when he has obtained an order *pro confesso*, he not being permitted to take at his discretion such a decree as he may be willing to abide by.

2. FINAL HEARING—RIGHT TO DOCKET FEE—REV. ST. § 824
    The consideration of a bill is a hearing, and is final when it results in the final disposition of a cause, and entitles a party to a docket fee under Rev. St. § 824.

In Equity.

*Thos. D. Richardson*, for complainant.

*R. A. Stanton*, for defendant.

WALLACE, J.   The defendant objects to the taxation by the clerk of a docket fee of $20 as part of the costs of the complainant upon a final decree herein.   The defendant did not answer or demur to the bill, and complainant took an order for a decree *pro confesso*, and subsequently obtained a final decree.   As the cause has been finally determined, and as its determination involved a hearing by the court, there has been a final hearing within the meaning of section 824, Rev. St., which authorizes a docket fee of $20 to be taxed.   There has been much discussion of the meaning of the term "final hearing," as used in this section, and a diversity of opinion is found in the decisions. Several cases decide that any order or determination which results in a final disposition of the cause, including a dismissal of the bill on the motion of the complainant, or the dismissal of an appeal by the appellee for irregularity on the part of the appellant in bringing it to a hearing, is a final hearing.   *Hayford* v. *Griffiths*, 3 Blatchf. 79; *The Alert*, 15 FED. REP. 620; *Goodyear* v. *Sawyer*, 17 FED. REP. 2.   Other

cases hold that there is a final hearing only when some question of law or fact has been submitted to the court requiring not merely formal action but consideration. *Coy* v. *Perkins,* 13 FED. REP. 112; *Yale Lock Co.* v. *Colvin,* 14 FED. REP. 269.

The defendant relies upon the authority of these latter decisions, but they are not decisive here, because a complainant is not entitled, as of course to a final decree when he has obtained an order *pro confesso*. The matter of the bill is still to be decreed by the court, and then only when it is proper to be decreed. The bill is to be examined to see if the facts alleged entitle the complainant to relief. According to the earlier practice of the English chancery a bill would not be taken *pro confesso* without putting the complainant to prove its material allegations. *Johnson* v. *Desmineere,* 1 Vern. 223. The later practice is to set down the bill for hearing, upon an order previously obtained that the bill be taken *pro confesso*, whereupon the record is produced, and the court hears the pleadings and pronounces the decree. The complainant is not permitted to take at his discretion such a decree as he may be willing to abide by. *Geary* v. *Sheridan,* 8 Ves. 192. This is the practice which obtains under the equity rules of this court. The consideration of the bill is a hearing, and is final when it results in the final disposition of the cause.

The taxation was correct.