## McLean v. Clark.

(*Circuit Court, E. D. Michigan.* May 25, 1885.)

1. EQUITY PRACTICE—DOCKET FEE—OVERRULING DEMURRER.
   Where a demurrer to a bill in equity is overruled, and defendant has leave to answer, the plaintiff is not entitled to tax a docket fee of $20, as upon a final hearing.
2. SAME—DOCKET FEE, WHEN TAXABLE.
   Such docket fee can only be taxed upon a hearing which is final in fact, and results in a disposition of the merits of the case.

In Equity.

On application to tax a docket fee of $20, in favor of the plaintiff. Defendant demurred to the bill, and the demurrer was overruled. Leave was given to answer over, and an answer was filed. Plaintiff then applied for the taxation of a docket fee of $20, upon overruling the demurrer, as upon a final hearing.

*Mr. Angell,* for plaintiff.

BROWN, J. By general equity rule 34 the defendant has a legal right to answer the bill, upon the overruling of his demurrer, upon payment of costs up to that period. Under such circumstances it seems to me that the hearing upon the demurrer is not a "final hearing" within the meaning of Rev. St. § 824. It is true that in the cases of *Alley* v. *Nott,* 111 U. S. 472, S. C. 4 Sup. Ct. Rep. 495, and *Scharff* v. *Levy,* 112 U. S. 711, S. C. 5 Sup. Ct. Rep. 360, it was held that a hearing upon a general demurrer to a complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was "a trial" within the meaning of the removal act of March, 1875. We apprehend, however, that this principle does not necessarily control the question before us. In determining what *shall be* considered as a trial of the action, before which the petition for removal must be filed, the court naturally treats that hearing as a trial which *may,* although it will not necessarily, dispose of the whole case. A different construction would enable a party to speculate upon the result of his demurrer in the state court,—accepting its decision if favorable, and removing the case if adverse to him. But in determining what *has been* "a trial or final hearing" which will authorize the taxation of a docket fee, we think that regard should be had to the result of such hearing or trial, and that we should treat that only as a final hearing in law which is a final hearing in fact. Hence, if, in this case, the demurrer had been sustained, and the bill dismissed, the hearing of such demurrer would undoubtedly have been a final hearing, within the meaning of section 824. This I understand to have been the ruling in *Price* v. *Coleman,* 22 FED. REP. 694; although the facts of the case are not fully stated in the report. But if, upon the hearing, the demurrer is overruled, and leave is given to answer, the hearing is not final and does not dispose of the case.

That the words "final hearing" do not always receive the same construction is apparent from a reference to those cases wherein the question, what is an appealable decree, is considered. The practice in this connection is well settled that it is only such decrees as decide and dispose of the whole merits of the case, and reserve no further questions or directions for the future judgment of the court that are final decrees from which an appeal will lie to the supreme court. *Beebe* v. *Russell*, 19 How. 283.

In *The Palmyra*, 10 Wheat. 502, upon a libel for a tortious seizure, an appeal was taken from a decree restoring the vessel, with costs and damages, but the damages had not been assessed, and it was held that the decree was not final. See, also, *Chace* v. *Vasquez*, 11 Wheat. 429; *Pulliam* v. *Christian*, 6 How. 209. So, also, in the case of *The Mary Eddy*, (*Mordecai* v. *Lindsay*,) 19 How. 199, it was held that a decree in favor of the libelant upon the merits, with a reference to a commissioner to report the damages, was not a final decree from which an appeal could be taken. In *Coy* v. *Perkins*, 13 FED. REP. 111, Mr. Justice GRAY and Judge LOWELL, held that upon the face of this statute the intention of the legislature was manifest that it was only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented, to the consideration of the court that there can be said to have been a final hearing which warrants the taxation of a docket fee. See, also, *Huntress* v. *Epsom*, 15 FED. REP. 732.

A different rule has apparently been adopted in one or two of the more recent decisions in New York. In these cases the definition of the words "trial" and "final hearing" used in the removal cases was treated as controlling; but for the reasons before stated it seems to me that where the question arises upon proceedings taken *after the hearing*, that can only be treated as a final hearing or decree which disposes of the merits of the case, and virtually puts an end to the litigation.

I am authorized to say that the circuit judge concurs in this opinion.