### CARTER v. SWEET et al.

(Circuit Court, S. D. California.    November 1, 1897.)

No. 730.

1. WITNESS FEES.
    Under Rev. St. § 848, witnesses are not entitled to any per diems for time occupied in going to and returning from court. Their only compensation is the prescribed mileage.

**2.** DOCKET FEE.

Under Rev. St. § 824, a docket fee of $20 is chargeable where any issue of law or fact has been presented to the court for consideration, and where the expression of the court's opinion thereon, after hearing, results in a final disposition of the cause, even though such disposition be a dismissal on motion of the complainant.

This was a suit in equity by Benjamin F. Carter against H. P. Sweet, the Big Rock Creek Irrigating District, and others. The cause was heard on a motion to retax the costs.

Frank A. Cattern and Wm. J. Hunsaker, for complainant.

Hatch, Miller & Brown and Mulford & Pollard, for defendants.

WELLBORN, District Judge. This is a motion to retax costs. The items objected to are: First, the charges of two witnesses, each for three days, at $1.50 per day, in going to and returning from court; second, a docket fee of $20 for defendants' counsel, on dismissal of suit.

The material facts concerning the docket fee are these: A provisional injunction was applied for by the complainant. A hearing was had upon this application, witnesses were examined, and briefs of counsel submitted. No formal order was made at this hearing, other than one allowing complainant leave to amend and to submit additional authorities; but the court did express, upon some of the issues involved, views unfavorable to complainant, and thereupon complainant asked for and obtained said order. Neither an amendment, however, nor further brief, was filed, but the suit was afterwards dismissed on complainant's motion.

1. Witness' fees, as prescribed by law, are these: One dollar and fifty cents for each day's attendance in court, and five cents a mile in going from his residence to the court, and five cents a mile for returning. Rev. St. § 848. There is no provision of law, so far as I am advised, for any other compensation. The objections above mentioned to the charges of the witnesses are sustained.

2. The law applicable to docket fees is as follows:

"On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars." Rev. St. § 824.

The cases are not harmonious, as to what constitutes "a final hearing," within the meaning of the section just quoted. There is one construction, however, which is determinative here, and upon which the cases seem to be agreed, or, at least, with which none are at variance, and that construction is declared, in the leading case, as follows:

"We are of opinion that, upon the face of the statute, the intention of the legislature is manifest that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented, to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20; as, for instance, where the court, on motion and argument, dismisses for irregularity an appeal from the district court, as in the case before Mr. Justice Nelson of Hayford v. Griffith, 3 Blatchf. 79, Fed. Cas. No. 6,264, or where the plaintiff discontinues, after the court has sub-

stantially decided the merits of the case, either by an opinion expressed at the hearing upon the merits, as in the case of The Bay City, before Judge Brown, 3 Fed. 47, or by a previous interlocutory decree, as in Goodyear Dental Vulcanite Co. v. Osgood [10 Fed. Cas. p. 739], decided by Judge Shepley in February, 1877." Coy v. Perkins, 13 Fed. 112.

The rule here enunciated has been referred to approvingly in many subsequent cases, among others McLean v. Clark, 23 Fed. 861; Andrews v. Cole, 20 Fed. 410; and Louisville & N. R. Co. v. Merchants' Compress & Storage Co., 50 Fed. 449.

It is manifestly within the spirit, if not exact letter, of this rule to hold, as I do, that where there has been presented to the court for consideration any issue of law or fact, and the expression of the court's opinion thereon, after hearing, results in a final disposition of the cause, although such disposition be a dismissal on motion of the complainant, the docket fee is taxable. Objection to docket fee disallowed.