PEERLESS LIGHT CO. v. LEVITON et al.

(District Court, S. D. New York. December 23, 1916.)

COSTS ☞173(2)—PRACTICE—DOCKET FEE—RIGHT TO.

Under Rev. St. § 824 (Comp. St. 1916, § 1378), allowing on final hearing in equity and admiralty a docket fee of $20, complainant, upon taking a decree pro confesso, is entitled to a docket fee; such decree being a final one.

In Equity. Suit by the Peerless Light Company against Evser Leviton and Isidor Leviton, copartners trading as the Leviton Gaslight Company. There was a decree for complainant pro confesso, and it moves for a docket fee. Fee allowed.

Hugo Mock, of New York City, for complainant.
Morris Berger, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. The question arises whether the complainant is entitled to a docket fee upon a decree taken pro confesso. Section 824 of the Revised Statutes (Comp. St. 1916, § 1378) allows, "on a final hearing in equity and admiralty, a docket fee of twenty ($20) dollars. * * *" In The Dwinsk (D. C.) 227 Fed. 958, I held that a docket fee could not be allowed in admiralty on the granting of a decree by consent of the parties.

That a docket fee is taxable where a decree is granted pro confesso is laid down in several cases, so that it can, I think, be regarded as the rule in this circuit. Judge Wallace decided that a docket fee could be taxed under precisely these conditions in the case of Andrews v. Cole (C. C.) 20 Fed. 410. Mr. Justice Blatchford, in the case of Wooster v. Handy (C. C.) 23 Fed. 49, said, at page 56:

"* * * To constitute 'a final hearing in equity or admiralty,' within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of pro confesso, or bill or libel and answer, or pleadings alone, or pleadings and proofs."

It might have been held that a "final hearing" meant such a situation as would entitle a litigant to a trial fee under the New York state practice; but such has not been the interpretation given to the federal statute, and the docket fee will ordinarily be allowed upon any determination of a suit which has not been discontinued, dismissed on complainant's own motion, or dismissed for lack of prosecution, or otherwise determined by consent. Ryan v. Gould (C. C.) 32 Fed. 754; Wigton v. Brainerd (C. C.) 28 Fed. 29.

In the case of a decree entered upon an order that the bill be taken pro confesso, Judge Wallace said in Andrews v. Cole, supra:

"The matter of the bill is still to be decreed by the court, and then only when it is proper to be decreed. The bill is to be examined to see if the facts alleged entitle the complainant to relief. According to the earlier practice of

the English chancery, a bill would not be taken pro confesso without putting the complainant to prove its material allegations. Johnson v. Desmineere, 1 Vern. 223. The later practice is to set down the bill for hearing, upon an order previously obtained that the bill be taken pro confesso, whereupon the record is produced, and the court hears the pleadings and pronounces the decree. The complainant is not permitted to take at his discretion such a decree as he may be willing to abide by. Geary v. Sheridan, 8 Ves. 192. This is the practice which obtains under the equity rules of this court. The consideration of the bill is a hearing, and is final when it results in the final disposition of the cause."

For the foregoing reasons, a docket fee should be allowed.