194

## UNITED STATES v. HERLONG.

### Civ. A. No. 967.

United States District Court
W. D. South Carolina,
Greenwood Division.

July 7, 1949.

Walter H. Hood, Asst. U. S. Atty., Greenville, S. C. and Oscar H. Doyle, U. S. Attorney, Anderson, S. C., for plaintiff.

Defendant not represented by counsel.

WYCHE, Chief Judge.

This case is now before me upon plaintiff's motion to re-tax the costs taxed by the Clerk on June 1, 1949, by adding thereto an attorney's docket fee in the amount of $20.

The plaintiff brought this action against the defendant to recover the balance due upon a promissory note. The summons and complaint were served upon the defendant on May 4, 1949. On May 27, 1949, the Assistant United States Attorney filed an affidavit stating that the defendant had failed to file answer, motion or appearance of any kind, and that the time for so doing had not been extended; that the action was based upon a promissory note and the amount due thereon was a sum certain, setting it out, and requesting the Clerk of Court to enter judgment against the defendant. Pursuant thereto the Clerk entered judgment by default. After notice of taxation of costs the Assistant United States Attorney, in writing, requested that the Clerk in addition to other costs tax an attorney's docket fee in the sum of $20. The Clerk on June 1, 1949, taxed costs, but declined and refused to include therein such attorney's docket fee. On June 6, 1949, plaintiff's attorney filed motion to review the taxation of costs. A copy of such motion was served upon the defendant, although he was in default, and I sent to the defendant a copy of my letter setting the date certain on which I would hear the plaintiff's motion. The defendant did not appear by counsel or otherwise.

Section 1923 of new Title 28 U.S.C.A. provides that attorneys' docket fees may be taxed as costs as follows: "$20 on trial or final hearing in civil, criminal or admiralty cases * * *."

Section 1923 was a consolidation and revision of former sections 571 and 572 of Title 28 which provided in pertinent part that "On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20" could be charged. Section 572 provided further that "in cases at law, when judgment is rendered without a jury," a docket fee of $10 could be charged.

Prior to the revision of Title 28 the $20 docket fee was held proper where a decree in equity was entered pro confesso. Peerless Light Co. v. Leviton, D.C.N. Y., 247 F. 606. This was on the theory that a judgment pro confesso in equity

(which is the counterpart of a judgment by default in law cases) constituted a "final hearing" within the meaning of old section 572. While only $10 was taxed in default cases in actions at law, that was because of the specific provision of section 572 stating that "in cases at law, when judgment is rendered without a jury" the fee was $10. But Section 1923 has now eliminated the old $10 fee in actions at law and has consolidated the earlier provisions into one section allowing a single fee on "trial or final hearing in civil, criminal or admiralty cases." Therefore, the formerly existing distinction between judgments by default in law cases and judgments pro confesso in equity cases has been eliminated, and a single $20 fee is now applicable in any case where a "final hearing" is had. This is the only implication that can be gathered from the legislative history of section 1923. "The phrase '$20 on trial or final hearing in civil, criminal, or admiralty cases' was substituted for the following provisions of section 572 of title 28 U.S.C., 1940 ed., 'On trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20' and the limitation of $10 in 'cases at law when judgment is rendered without a jury' was omitted. This simplified restatement provides for a single docket fee in each case which reaches final hearing or trial. Since the docket fee is arbitrary, any limitation or distinction between law cases tried with or without a jury is unrealistic." H. Rep. 308, 80th Cong., 1st Sess., pp. A163-4.

The question is whether entry of a default judgment by the clerk pursuant to Rule 55(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., constitutes a "final hearing". This problem, however, is not a new one created by the revision of the judicial code. It existed prior to the revision because of the authorization contained in Rule 55 for entry of default judgments by the clerks.

Rule 55 of the Federal Rules provides as follows:

"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

"(b) Judgment. Judgment by default may be entered as follows:

"(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

The only ground for asserting that the entry of a default judgment by the clerk under Rule 55(b) (1) is not a "final hearing" within the meaning of section 1923 would be that there is no hearing of any sort when the clerk enters the judgment. But this is no valid distinction. The clerk's function is not merely a perfunctory one. Before he can enter a default he must examine the affidavits filed and satisfy himself that they meet the requirements of 55(a). He must satisfy himself

**196**

then that the requirements of 55(b) (1) have been followed before he can enter judgment. "The consideration of the bill is a hearing, and is final when it results in the final disposition of the cause." Andrews v. Cole, C.Ct.N.D. N.Y., 20 F. 410, 411. A default judgment can be entered by the court without any notice of hearing as, for example, when a defendant has never appeared. In such a case, the plaintiff, if the damages were liquidated and the defendant was not an incompetent, etc., could have requested the clerk to enter his default under 55(a) and then requested the clerk to enter judgment under 55(b) (1). If the plaintiff did not choose to do so, he could have moved for judgment before the court. No notice or hearing would be necessary on such a motion because the defendant had never appeared. The motion would be properly before the court because the clerk could not enter judgment inasmuch as a default had never been entered. In such a case the function of the court would be precisely the same as that of the clerk if plaintiff had chosen the procedure prescribed by 55(a) and 55(b) (1). Finally, section 1923 does not say that the "final hearing" must be had before the judge. The provisions in Rule 55 for the entry of default judgment by the clerk were inserted for the obvious purpose of relieving the judge of some of his less complicated functions, and the clerk, in entering judgment, is acting in place of the judge.

An order may be presented.