Harrison COMBS, et al., Plaintiffs,

v.

COAL & MINERAL MANAGEMENT SERVICES, INC., Defendant.

Civ. A. No. 84–779.

United States District Court, District of Columbia.

Nov. 20, 1984.

Rodney F. Page and H. Van Sinclair, of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for plaintiffs.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is a withdrawal liability action brought by the Trustees of the United Mine Workers Health and Retirement Funds ("the Trustees") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.* (1982). The original complaint sought declaratory and injunctive relief, as well as money damages, interest, and attorney's fees. The defendant employer, Coal & Mineral Management Services, Inc., failed to appear and suffered an entry of default by the clerk, whereupon the Trustees moved the Court for entry of default judgment.

Prior to the date set for a hearing on that motion, the Trustees filed an amendment to their complaint, withdrawing the requests for declaratory and injunctive relief and leaving only the prayers for money damages, interest, and attorney's

fees.[1] This amendment is obviously designed to bring the complaint within the scope of the clerk's authority, under Rule 55(b)(1) of the Federal Rules of Civil Procedure, to enter default judgments "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain...." Although the amendment is accompanied by an application to the clerk for entry of default judgment, the Trustees prior motion to the Court for default judgment has not been withdrawn. Since the Court, for reasons stated below, is of the opinion that the clerk is in fact without authority to enter a default judgment on the amended complaint, the Court orders that the application for judgment to the clerk be striken, and that the original motion to the Court be treated as a motion for default judgment on the complaint as amended.

■ Rule 55 empowers the clerk to enter a default judgment at the request of the plaintiff when three conditions are satisfied: (1) the claim is for a sum certain or for a sum which can by computation be made certain, (2) the default is for failure to appear, and (3) the defendant is not an infant or incompetent person. In all other cases, default judgment may be entered only by the Court. Fed.R.Civ.P. 55(b). "The provisions in Rule 55 for the entry of default judgment by the clerk were inserted for the obvious purpose of relieving the judge of some of his less complicated functions...." *United States v. Herlong*, 9 F.R.D. 194 (W.D.S.C.1949). The Rule carefully limits the clerk's authority to those cases where entry of judgment is purely a ministerial act, since "[s]ound policy dictates that the clerk should not be invested with discretionary power." C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2683 at 416 (2nd ed. 1983).

■ Thus, the first condition for entry of default judgment by the clerk is that the claim be for "a sum certain or for a sum which can by computation be made certain." If the dollar amount of the defendant's liability is a matter of estimation, such as the value of a converted chattel, *United States v. Melichar*, 56 F.R.D. 49 (E.D.Wis.1972), or the extent of personal injuries, *Finch v. Big Chief Drilling Company*, 56 F.R.D. 456 (E.D.Tex.1972), then it is not a "sum certain" and entry of default judgment for that amount may be entered only by the Court after a factual evaluation. On the other hand, if the amount of liability is capable of precise calculation, such as an amount appearing on the face of an instrument, *Thorpe v. Thorpe*, 364 F.2d 692 (D.C.Cir.1966), or the amount of a delinquent tax assessment, *United States v. Raleigh Restaurant*, 398 F.Supp. 496 (E.D. N.Y.1975), then it is a "sum certain or ... a sum which can by computation be made certain." The clerk may properly enter a default judgment for that amount because, once the fact of liability is established, the dollar amount of that liability follows with mathematical certainty. The clerk is not being asked to exercise discretion he does not have.

■ The original complaint in this action, seeking injunctive and declaratory as well as monetary relief, was clearly outside the scope of the clerk's Rule 55 authority. The complaint as currently amended forgoes the request for injunctive and declaratory relief and seeks only money damages. Four elements of damages are claimed: withdrawal liability, interest thereon, liquidated damages, and reasonable attorney's fees. With respect to the first three of these, the Court is satisfied that they represent sums certain. ERISA provides statutory formulas for computation of these amounts, 29 U.S.C. §§ 1381, 1391, 1132(g)(2), and the affidavit of the Assistant Comptroller of the Health and Retirement Funds demonstrates that the Trustees have carefully calculated the amount of their entitlement in accordance with those formulas. *Compare United States v. Miller*, 9 F.R.D. 506 (M.D.Pa.1949) (Administrator's allegation of price overcharges under Emergency Price Control Act was not a "sum certain" because extrapolated from a small portion of available data).

---

1. Since the amended complaint asserts no new or additional claims for relief, it need not be served on the defaulting defendant. Fed.R. Civ.P. 5(a).

■ The request for attorney's fees, however, is different. Although the fact of defendant's liability for attorney's fees under ERISA is unquestionable, the amount of that liability is neither certain nor ascertainable by computation, since the Act provides that "the court shall award ... *reasonable* attorney's fees and costs...." 29 U.S.C. § 1132(g)(2) (emphasis added). The reasonableness of the fees requested by the Trustees is a "judgment call" which only the Court can make. It may be true that the Trustees have contracted to compensate their attorneys at the fixed rate of $1,400 per default judgment. But that fact establishes only the "certainty" of the amount owed by the Trustees to their own attorneys, not the "certainty" of the amount owed by the defendant to the Trustees.

The Court's conclusion that "reasonable attorney's fees" are not a sum certain within the meaning of Rule 55(b)(1) is amply supported by precedent. In *Ferraro v. Arthur M. Rosenburg Company,* 156 F.2d 212 (2d Cir.1946), the court held that the need to fix a "reasonable" attorney's fee prevented the clerk from entering default judgment on a complaint that otherwise sought overtime compensation and liquidated damages. In *Design & Development, Inc. v. Vibromatic Manufacturing, Inc.,* 58 F.R.D. 71 (E.D.Pa.1973), the court modified a clerk's default judgment in a suit on a promissory note to eliminate an award of "reasonable attorney's fees." *See also Ace Grain Company v. American Eagle Fire Insurance Company,* 11 F.R.D. 364 (S.D.N.Y.1951).

■ Since the clerk lacks authority to grant the complete relief requested, the Court orders the Trustees' application stricken, and proceeds to consider the still pending Motion for Default Judgment. That motion requested judgment "in accordance with the Complaint" and since the complaint as now amended no longer seeks injunctive or declaratory relief, the Court will treat the motion as an application for damages only. The Court finds no need

* (File only in 83 Civ. 7009–CLB, 83 Civ. 7197–CLB, 83 Civ. 7358–CLB, 83 Civ. 7359–CLB, 83 Civ. 7568–CLB, 83 Civ. 8084–CLB, 83 Civ. 8474–

for a hearing on this simplified motion. As explained above, judgment could have been entered by the clerk were it not for the request for "reasonable attorney's fees".

■ The facts alleged in the amended complaint plainly establish the defendant's liability. The Court has carefully considered the affidavits submitted by the Trustees in support of their motion, and is satisfied that the damages calculations there are in accordance with ERISA. The Court is further convinced of the reasonableness of the requested attorney's fees. In reaching these determinations the Court has reviewed the records of *Combs v. Sugar Tree Coal Company,* No. 84–477 (D.D.C.April 16, 1984) (J. Parker) and *Combs v. Indian Fuel Corporation,* No. 84–516 (D.D.C.May 17, 1984) (J.H. Greene), in which virtually identical awards were rendered in favor of the Trustees after hearings.

Accordingly, it is this 19th day of November, 1984

ORDERED that the Trustees' October 11, 1984 application for default judgment to the clerk be stricken, and it is

FURTHER ORDERED that the Trustees' Motion for Default Judgment be and is granted according to the terms of the attached Judgment.