983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Allen VOLSTAD, Petitioner-Appellant,
v.
David J. COLLINGS, Respondent-Appellee.
 No. 91-35126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Allen Volstad, a Washington state prisoner, appeals pro se the district court's dismissal for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On June 21, 1989, Volstad filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendant had illegally confiscated and retained Volstad's personal property and had refused to allow Volstad to file a tort claim. Volstad sought $4,000 in compensatory damages, $2,500 in punitive damages, and any "other relief as it may appear that plaintiff is entitled to."
 
 
 5
 On October 19, 1989, Volstad filed a motion for default against the defendant stating that the amount of damages was $4,000 and $800 in legal expenses. On October 24, 1989, the clerk of the court, pursuant to Fed.R.Civ.P. 55(a), entered default against the defendant.
 
 
 6
 On November 6, 1989, Volstad filed a second affidavit listing the total value of confiscated property as $8,312.87. Given the discrepancies between the two figures, the magistrate judge ordered a hearing to determine the extent of Volstad's damages. This order subsequently was vacated because Volstad was incarcerated in Washington state.
 
 
 7
 On November 24, 1989, Volstad submitted an affidavit requesting a default judgment in the amount of $8,437.87. Because of the court's uncertainty as to these amounts, the magistrate judge instructed Volstad to submit written interrogatories regarding the confiscated items and their value to both the court and the defendant. The magistrate judge also allowed both parties to submit written questions to the opposing party or non-parites. This process was to be completed by April 30, 1990.
 
 
 8
 As of May 2, 1990, Volstad had not complied with the order and was given an order to show cause why the action should not be dismissed for failure to prosecute.
 
 
 9
 On June 7, 1990, Volstad filed a memorandum arguing that the property listed in the affidavit to the clerk was a "sum certain," pursuant to Fed.R.Civ.P. 55(b)(1), and that the court lacked jurisdiction to make further inquiry. The magistrate judge issued a memorandum explaining its previous order, indicating that the court could require these inquires pursuant to Rule 55(b)(2). The court gave Volstad thirty days to comply with the court's order and again warned him of the possibility of dismissal.
 
 
 10
 Volstad responded by requesting a jury trial. The magistrate judge issued a memorandum finding that Volstad's request was untimely under Fed.R.Civ.P. 38 and that Volstad had failed to cite any other statutory basis for the request. The court, however, granted Volstad thirty more days in which to initiate the discovery process and again warned him that his failure to submit information regarding the confiscated property would result in the magistrate judge issuing a recommendation for dismissal.
 
 
 11
 After Volstad again failed to respond within the allotted period, the court itself initiated the process by submitting questions to Volstad regarding the confiscated property and granting him twenty days in which to respond. Volstad failed to respond to these questions. On November 2, 1990, the magistrate judge issued his report and recommendation that the action be dismissed for failure to prosecute. The district court adopted the report and dismissed the action for failure to prosecute.
 
 II
 Merits
 
 12
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990); see also Fed.R.Civ.P. 41(b). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). Consideration of less drastic sanctions may include providing warnings to plaintiff that dismissal is imminent. Henderson, 779 F.2d at 1424.
 
 
 13
 Here, the magistrate judge repeatedly warned Volstad that his failure to comply with the court's orders could result in dismissal of his action. See id. Furthermore, Volstad's argument that his claim for damages was a "sum certain" entitling him to entry of a default judgment by the clerk of the court is without merit.
 
 
 14
 Rule 55(b)(1) enables the clerk to enter judgment "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." This "Rule carefully limits the clerk's authority to those cases where the entry of judgment is purely a ministerial act, since '[s]ound policy dictates that the clerk should not be invested with discretionary power.' " Combs v. Coal & Mineral Management Servs., Inc., 105 F.R.D. 472, 474 (D.D.C.1984) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2683 at 416 (1983)). Because of the discrepancies in the amount Volstad sought in his complaint and in his various affidavits, the amount of the judgment was not a "sum certain" which would be appropriate for entry by the clerk. See Fed.R.Civ.P. 55(b)(1).
 
 
 15
 Thus, Volstad was obligated to apply for a default judgment with the court pursuant to Rule 55(b)(2), which provides: "to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...." Accordingly, the district court did not abuse its discretion by dismissing Volstad's action for failure to comply with its orders. See West Coast Theater Corp., 897 F.2d at 1523; Henderson, 779 F.2d at 1424.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3