**John FLYNN, et al., Plaintiffs,**

v.

**MASTRO MASONRY CONTRACTORS, Defendant.**

**Civil Action No. 02–0922 (RMU).**

United States District Court, District of Columbia.

Dec. 28, 2002.

Ira R. Mitzner, Dickstein Shapiro Morin & Oshinsky LLP, Washington, DC, for plaintiffs.

Mastro Masonry Contractors, Allentown, PA, for Defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

## I.  INTRODUCTION

This case is currently before the court on the plaintiffs' motion for a default judgment in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  The

trustees of the Bricklayers & Trowel Trades International Pension Fund ("the plaintiffs" or "the Pension Fund"), a multi-employer employee pension plan subject to the terms of ERISA. The defendant, Mastro Masonry Contractors, employs members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions (collectively, "the Union"). This action began after the defendant entered into collective bargaining agreements with the Union regarding payments to the Pension Fund. Claiming that the defendant failed to comply with the collective bargaining agreements, the plaintiffs initiated this action to enforce the terms of the agreements. For the following reasons, the court grants the plaintiffs' motion for default judgment.

## II. BACKGROUND

As noted, the Pension Fund is a multi-employer employee pension plan governed by ERISA. Stupar Decl. ¶ 2. The collective bargaining agreements between the defendant and the Union authorize the Pension Fund to provide retirement income to the defendant's employees. *Id.* ¶ 3. Toward that end, the collective bargaining agreements require the defendant to submit monthly remittance reports to the Pension Fund describing the work performed by employees. *Id.* ¶¶ 5, 7. The agreements further require the defendant to submit monthly pension and benefit contributions or dues checkoff[1] to the Pension Fund on behalf of its employees. *Id.* If the defendant fails to comply with the collective bargaining agreements, the plaintiffs have a fiduciary duty under ERISA to collect the delinquent employer contributions. *Id.* ¶ 3.

During the August, November, and December 2001, and January through June 2002, the defendant failed to submit to the Pension Fund the required remittance reports, pension and benefit contributions, and dues checkoff for its employees. *Id.* ¶¶ 9–18, 27. The defendant owes $61,067.86 in unpaid pension and benefit contributions and dues checkoff for that period. Mitzner Decl. ¶ 4.

Turning to the procedural history of this case, on May 10, 2002, the plaintiffs filed a complaint alleging the defendant's failure to submit remittance reports, pension and benefit contributions, and dues checkoff to the Pension Fund as required by the collective bargaining agreements. Compl. ¶¶ 7–10. The plaintiffs' complaint requests relief, pursuant to ERISA, for these and any subsequent violations of the collective bargaining agreements. *Id.* at 4–6. On May 22, 2002, the plaintiffs executed service of a summons and the complaint on the defendant. Decl. of Serv. The record reflects that the defendant has not filed an answer to the plaintiffs' complaint. Consequently, on July 2, 2002 the plaintiffs filed an affidavit in support of default, and on July 3, 2002 the clerk of the court entered default for the plaintiffs.

On August 19, 2002, the plaintiffs filed a motion for entry of default judgment. As anticipated in the complaint, the plaintiffs modified the damages claim in the complaint to include delinquent contributions and interest that accrued subsequent to the filing of the complaint. Compl. at 6; Mot. for Default J. at 2.

The plaintiffs' motion for default judgment first requests $61,067.86 for unpaid pension and benefit contributions and dues checkoff owed to the Pension Fund for August, November, and December 2001,

---

1. A checkoff system is a procedure whereby an employer deducts union dues directly from employees' wages and submits such sums to the union. BLACK'S LAW DICTIONARY (6th ed.1990).

and January through June 2002. Mitzner Decl. ¶ 4. Second, the plaintiffs move for $3,078.92 for interest assessed on the delinquent contributions and dues checkoff, calculated from the due date through August 8, 2002. *Id.* Third, the plaintiffs argue for $9,951.13 in liquidated damages, calculated at a rate of 20 percent of the unpaid contributions. *Id.* Fourth, the plaintiffs seek attorney's fees and costs in the following amounts: $157.75 for service, $150.00 for filing, $895.00 for attorney's fees, and $700.00 for anticipated future attorney's fees (four attorney hours) for executing the judgment. *Id.* ¶¶ 5–6.

On October 16, 2002, the court issued a final order instructing the defendant to show cause on or before October 25, 2002 as to why the court should not enter default judgment. The court instructed that "failure to respond to this order may result in the entry of default judgment in favor of the plaintiffs." The deadline for the response has come and gone. The record reflects that the defendant still has not responded to the court's show cause order.

### III.  ANALYSIS

### A.  Legal Standard for Default Judgment Pursuant to ERISA

■ Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED R. CIV. P. 55(a). Upon request of the plaintiffs and an affadavit regarding the amount due, Rule 55(b) authorizes the clerk or court (depending on the circumstances) to enter against the defendant a default judgment for the amount claimed and costs. FED R. CIV. P. 55(b). Just as a court can dismiss a case when faced with dilatory tactics by the plaintiffs, a court

has the discretion to enter default judgment when a defendant fails to defend its case appropriately. *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 375 n. 5 (D.C.Cir.1980).

■ A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint. *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 63 (2d Cir.1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Adkins v. Teseo,* 180 F.Supp.2d 15, 17 (D.D.C.2001); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1364 n. 27 (11th Cir.1997); *SEC v. Mgmt. Dynamics, Inc.,* 515 F.2d 801, 814 (2d Cir.1975). Moving for a default judgment, the plaintiff must prove its entitlement to the requested damages. *Oberstar v. FDIC,* 987 F.2d 494, 505 n. 9 (8th Cir. 1993). In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979). When the damages cannot be calculated with relative simplicity, however, the court may order an evidentiary hearing. *Cablevision Sys. New York City Corp. v. Lokshin,* 980 F.Supp. 107, 111–12 (E.D.N.Y.1997). Finally, the movant is entitled to all reasonable inferences from the evidence offered. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981).

ERISA provides additional rules for default judgments. 29 U.S.C. § 1132(g)(2). By enacting Section 1132(g)(2), Congress intended to preserve the private multiemployer pension plan system by ensuring that employers make the required contri-

butions to the pension plans. *Iron Workers Dist. Council of Western New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir.1995). "The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies." *Cent. States, Southeast & Southwest Areas Pension Fund v. Alco Express Co.*, 522 F.Supp. 919, 928 (E.D.Mich.1981) (citing to Senate legislative history).

■ When a court awards a default judgment against a defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court must award: (1) the unpaid contributions; (2) interest on the unpaid contributions;[2] (3) liquidated damages;[3] and (4) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2); *Iron Workers*, 68 F.3d at 1507; *Local 306, United Ass'n. Health & Welfare Fund v. Am. Testing & Inspection, Inc.*, 1988 WL 134942, at *1 (D.D.C. Nov. 30, 1988). The unpaid contributions, interest, and liquidated damages generally are considered "sums certain" pursuant to the calculations mandated in ERISA and the parties' agreements. *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C.1984). The amount of attorney's fees, however, is not considered a sum certain as the "reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the [c]ourt can make." *Id.* at 475.

■ Finally, ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2)(E). This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records. *Mason Tenders Dist. Council Welfare Fund v. Bold Constr. Co.*, 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002).

### B. The Court Grants the Plaintiffs' Motion for Default Judgment

The defendant has failed to plead or otherwise defend this action. Consequently, the clerk of the court entered default, pursuant to Rule 55. The plaintiffs now move the court to grant a default judgment, and support their request with declarations and documentary evidence. Having evaluated the relevant law and examined the declarations and other submissions provided by the plaintiff, the court issues the following default judgment.

The plaintiffs request $61,067.86 for unpaid pension and benefit contributions and dues checkoff owed to the Pension Fund; $3,078.92 for interest assessed on the delinquent contributions and dues checkoff; and $9,951.13 in liquidated damages, calculated at a rate of 20 percent of the unpaid contributions. Mitzner Decl. ¶ 4. As these calculations appear accurate and these requests comply with ERISA, the court grants these requests. 29 U.S.C. § 1132(g)(2)(A); *Iron Workers*, 68 F.3d at 1507; *Combs*, 105 F.R.D. at 474.

■ The plaintiffs' also are entitled to those attorney's fees and costs that the court determines to be reasonable. 29 U.S.C. § 1132(g)(2)(D); *Combs*, 105 F.R.D. at 474. Here, the plaintiffs request attorney's fees and costs in the amounts of $157.75 for service, $150.00

---

2. The interest is calculated using the rate set forth in the agreement existing between the parties, or, if there is none, using the rate prescribed in 26 U.S.C. § 6621. 29 U.S.C. § 1132(g)(2)(B).

3. Liquidated damages may not be greater than 20 percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii).

for filing, $895.00 for attorney's fees already incurred, and $700.00 for anticipated future attorney's fees (four attorney hours) required for executing the judgment. Mitzner Decl. ¶¶ 5–6. The plaintiffs have provided an accounting of the incurred attorney's fees and costs that demonstrates that the requested amounts are reasonable. *Combs*, 105 F.R.D. at 474. In contrast, the plaintiffs' argument for "anticipated" attorney's fees is not similarly reasonable. Mitzer Decl. ¶ 5. The plaintiffs provide no law or facts to support this speculative request. Thus, the court denies this part of the request for attorney's fees because it has insufficient law or fact to determine that executing the judgment will reasonably require four attorney hours. *Combs*, 105 F.R.D. at 474.

## IV. CONCLUSION

For all these reasons, the court grants the plaintiffs' motion for default judgment. An Order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ___ day of December 2002.

## *ORDER*

### GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this ___ day of December 2002, it is

**ORDERED** that the plaintiffs' motion for default judgment is **GRANTED;** and it is

**FURTHER ORDERED** that the defendant shall pay to the plaintiffs the following judgment:

(a) $61,067.86 for unpaid contributions and dues checkoff;

(b) $3,078.92 for interest;

(c) $9,951.13 for liquidated damages;

(d) $1,202.75 for attorney's fees and costs.

**SO ORDERED.**